IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10213
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

NATHANIEL WILLIAMS, also
known as Pee-Wee,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-252-X
- - - - - - - - - -
November 6, 1996
Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The Government filed a motion to dismiss Nathaniel Williams'

appeal based of his execution of a plea agreement containing a

waiver of his right to appeal his sentence.  The motion is

DENIED.

     Williams argues that his guilty plea is invalid because the

district court failed to comply with Fed. R. Crim. P. R. 11 by

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

failing to advise Williams of the nature of the charge against him or of the consequences of his plea.

We have reviewed the record, including the transcript of the rearraignment hearing, the plea agreement, and the factual resume supporting the guilty plea, and hold that Williams was aware of the nature of the charge against him and of the consequences of his plea. Further, even if the district court varied from Rule 11 by not expressly stating the elements of the offense of conviction, such variance cannot be reasonably viewed as a material factor affecting Williams' decision to plead guilty. See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc). The district court also complied with Rule 11 by insuring that Williams was aware of the maximum term of imprisonment that he could receive for the offense of conviction. See United States v. Jones, 905 F.2d 867, 868 (5th Cir. 1990). Williams has not demonstrated that his guilty plea was involuntarily entered because he was not aware of the nature of the charge against him or of the consequences of his plea.

AFFIRMED.